FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEANNA MICHELLE MORY, an individual,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>CITY OF CHULA VISTA; DONALD HUNTER; RICHARD EMERSON,<br><br>        Defendants - Appellees. | No. 08-55462<br><br>D.C. No. 3:06-cv-01460-JLS-BLM<br><br>MEMORANDUM[*] |
| DEANNA MICHELLE MORY, an individual,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>CITY OF CHULA VISTA, a Municipal Corporation; DONALD HUNTER, an individual; RICHARD EMERSON,<br><br>        Defendants - Appellants. | No. 08-55571<br><br>D.C. No. 3:06-cv-01460-JLS-BLM |

Appeal from the United States District Court

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted March 1, 2010[**]
Pasadena, California

Before: GOULD and IKUTA, Circuit Judges, and GEORGE,[***] District Judge.

Deanna Mory appeals the district court's grant of summary judgment to the City of Chula Vista, Donald Hunter, and Richard Emerson (collectively "Defendants") on her gender discrimination claims under federal and state law. The Defendants cross appeal the district court's denial of their motion for sanctions under Federal Rule of Civil Procedure 11(c). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We first address Mory's appeal from the summary judgment that resolved her claims. Mory argues that the district court erred in concluding that she lacked standing to pursue her federal claims.[1] The district court was correct that Mory suffered no injury in fact, which is a necessary requirement for constitutional standing under Article III. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Lloyd D. George, Senior United States District Judge for the District of Nevada, sitting by designation.

[1] The parties are familiar with the factual and procedural history of this case and we do not recount it in detail here.

(1992). After competing in the 2006 pageant, Mory completed her probationary employment period successfully and became a regular Chula Vista police officer. The Defendants did not oppose her pageant participation the following year, and she again competed in 2007. Mory's pageant participation resulted in no adverse employment consequences, and she therefore suffered no injury in fact.

Mory contends that part of her injury stems from her fear that she will be disciplined for future pageant participation, or that her alleged insubordination in participating in the 2006 pageant will be used against her in future promotions, transfers, salary determinations, and duty assignments. Our precedent suggests: "A plaintiff may allege a future injury in order to comply with [the injury-in-fact] requirement, but only if he or she 'is *immediately* in danger of sustaining some *direct* injury as the result of the challenged official conduct and the injury or threat of injury is both real and immediate, not conjectural or hypothetical.'" *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 656 (9th Cir. 2002) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Here, however, Mory has not asserted that the Defendants threaten any immediate, adverse action on the basis of her past pageant participation. Any future injuries she asserts related to promotions, transfers, and the like in our view are unduly speculative and are not sufficient to confer standing. *See id*. The district court properly granted summary

3

judgment to the Defendants on Mory's federal claims as well as Mory's state-law claims, which were jurisdictionally dependent on the ability of Mory to maintain her federal claims. *See* 28 U.S.C. § 1367(a). Hence we reject Mory's appeal.

We next review the cross appeal of the defendants who challenge the denial of sanctions. We review for an abuse of discretion the district court's decision not to impose sanctions under Federal Rule of Civil Procedure 11.[2] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). We will conclude that there was an abuse of discretion only where the district court applies an incorrect legal rule or relies on a factual finding that is "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc). Here, the district court concluded that although the evidentiary support for Mory's claims was weak, her claims did not rise to the level of frivolousness. The district court further found that Mory and her counsel did not act vexatiously, in bad faith, or out of an improper motive. The Defendants offer no persuasive argument that these findings constituted an abuse

---

[2] Contrary to the Defendants' argument, Rule 11 sanctions are imposed at the discretion of the district court. Fed. R. Civ. P. 11(c)(1) ("If . . . the court determines that Rule 11(b) has been violated, the court *may impose* an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.") (emphasis added).

4

of discretion, and our review of the record reveals no basis to so hold.  Hence we reject the defendants' cross appeal.

**AFFIRMED.**